UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SALMA RAMEEZ SHAIK, AKHIL POTHURAJU, NITHISH BABU CHALLA, SHYAM VARDHAN REDDY YARKAREDDY, and ALMAS ABDUL,<br><br>                    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*, TODD LYONS, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*, and PETER BERG, *in his official capacity as Field Office Director of Minneapolis-St. Paul, Minnesota Immigration and Customs Enforcement*,<br><br>                    Defendants. | Civil No. 25-1584 (JRT/DJF)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

---

Evangeline Surya Ester Dhawan-Maloney, **ROBICHAUD, SCHROEPFER & CORREIA, PA**, 1601 Hennepin Avenue North, Suite 200, Minneapolis, MN 55403; Kshithij Shrinath, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402, for Plaintiffs.

Lucas B. Draisey, **UNITED STATES DEPARTMENT OF JUSTICE**, 300 South Fourth Street, Minneapolis, MN 55415, for Defendants.

Plaintiffs are recent graduates of Concordia University who have lawfully continued their specialized training in the workforce. Without warning or explanation, Defendants terminated their F-1 student status, forcing them out of their jobs and

creating real concern they may soon face detention or deportation. Plaintiffs thus move for a temporary restraining order enjoining Defendants from moving forward with any adverse immigration actions against them and requiring Defendants to restore their status temporarily so that the Court may fully be briefed on the matter. Because the *Dataphase* factors all weigh in favor of such an order, the Court will grant Plaintiffs the relief they seek and take steps to set a preliminary injunction hearing.

## BACKGROUND

### I. FACTS

Plaintiffs are citizens of India and recent graduates of Concordia University in Saint Paul, Minnesota. (Compl. ¶¶ 1, 10–14, Apr. 21, 2025, Docket No. 1.) After earning master's degrees in highly specialized fields, each plaintiff began their Optional Practical Training ("OPT"), which is a period of post-graduation technical training that allows students to work or intern at jobs directly relevant to their degree for a certain amount of time. (*Id.* ¶ 1.) All five plaintiffs recently learned from Concordia that, without warning, Defendants at the Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE") suddenly terminated their F-1 student status in the Student and Exchange Visitor Information System ("SEVIS"). (*Id.* ¶ 2.) Concordia instructed Plaintiffs to stop working immediately and to consider leaving the country. (*Id.*)

Plaintiff Salma Rameez Shaik was on a period of valid OPT through January 31, 2027, and was continuing her training as a project manager at AkamaiTek. (*Id.* ¶ 10.)

Shaik committed a single careless-driving misdemeanor, for which she served two days of community service. (*Id.*)

Plaintiff Nithish Babu Challa was on a period of valid OPT through February 4, 2026, and was completing his training as a software engineer intern at Sanav Technologies LLC. (*Id.* ¶ 12.) Challa committed one misdemeanor for driving without a license and insurance, for which he served two days of community service. (*Id.*)

Plaintiff Shyam Vardhan Reddy Yarkareddy was on a period of valid OPT through February 1, 2027, and was completing his training as a web developer at PioneerTech LLC. (*Id.* ¶ 13.) He committed one misdemeanor for driving while intoxicated, for which he served five days of community service. (*Id.*)

Plaintiff Almas Abdul was on a period of valid OPT through October 14, 2025, and was completing his training as a software developer at Cognitum Solutions. (*Id.* ¶ 14.) Abdul has been ticketed for traffic infractions for driving without a license, driving without insurance, and speeding. (*Id.*)

Plaintiff Akhil Pothuraju was on a period of valid OPT through February 3, 2026. (*Id.* ¶ 11.) However, unlike the other plaintiffs, Pothuraju has not been charged with any criminal infraction, civil infraction, motor vehicle code violation, or immigration law violation. (*Id.*)

None of these plaintiffs know why their student status was terminated, nor have Defendants even attempted to notify them of their terminations. (*Id.* ¶¶ 2, 4, 10–14.) All

of these plaintiffs have been forced to stop working and are now in considerable distress about their future in this country.  (*Id.* ¶ 6.)

## II. PROCEDURAL HISTORY

Plaintiffs filed this Complaint on April 21, 2025.  (*See generally* Compl.)  They now move for a temporary restraining order ("TRO") ordering Defendants to set aside their termination decisions temporarily, to reinstate their status in SEVIS, and to refrain from taking any further action to terminate their status or otherwise impose any legal consequences from the termination of status.  (Ex Parte Mot. for TRO, Apr. 21, 2025, Docket No. 3.)

## DISCUSSION

## I. STANDARD OF REVIEW

The Court considers four factors when considering a motion for a TRO: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *see also Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) ("[T]he standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction."). No one factor is determinative, and the court should "weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene."  *Hubbard Feeds, Inc. v. Animal Feed Supplement,*

*Inc.*, 182 F.3d 598, 601 (8th Cir. 1999) (quotation omitted). The moving party bears the burden to establish that these factors weigh in favor of granting temporary relief. *See, e.g., Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

## II.    ANALYSIS

All four *Dataphase* factors weigh in favor of granting Plaintiffs' request. Therefore, the Court will join in a growing consensus in this District that such sudden terminations of student status by this Administration, seemingly without notice or cause, demand a TRO. *See, e.g., Ratsantiboon v. Noem*, No. 25-1315, 2025 WL 1118645 (D. Minn. Apr. 15, 2025); *Jin v. Noem*, No. 25-1391 (D. Minn. Apr. 17, 2025).

As to the first factor, Plaintiffs clearly face irreparable harm. Each plaintiff has suddenly found themselves unable to continue employment, and the sovereign immunity of the United States prevents post facto monetary relief. Furthermore, the Plaintiffs' lack of student status raises serious questions about their continued legal presence in the United States. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (finding reasonable fear of being subject to unlawful detention absent temporary relief may constitute irreparable harm).

As to the second factor, Plaintiffs' harm clearly outweighs any potential harm to Defendants. Plaintiffs face possibly irreversible immigration consequences. Defendants have offered Plaintiffs no explanation for their sudden action against highly trained specialists with promising careers in this country. But even assuming action was taken for Plaintiffs' misdemeanors, Defendants face extremely limited risk of harm in waiting to

prove that their action was not arbitrary and capricious in a court of law. *See Nebraska v. Biden*, 52 F.4th 1044, 1047 (8th Cir. 2022) ("[T]he equities strongly favor an injunction considering the irreversible impact [the challenged agency] action would have as compared to the lack of harm an injunction would presently impose.").

As to the third factor, the Court finds Plaintiffs are likely to succeed on the merits of their claim that Defendants' actions were arbitrary and capricious under the Administrative Procedures Act ("APA").[1] First, termination of student status is a final agency decision. *See Jie Fang v. Dir. U.S. Immigr. & Customs Enf't*, 935 F.3d 172, 182 (3d Cir. 2019) ("The order terminating these students' F-1 visas marked the consummation of the agency's decisionmaking process, and is therefore a final order."); *see also Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. U.S. Corps of Eng'rs*, 888 F.3d 906, 915 (8th Cir. 2018) (holding final agency action must mark "consummation of the agency's decisionmaking process" and "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow" (cleaned up)). Second, DHS's ability to terminate an F-1 student status is not fully discretionary; it is limited by 8 C.F.R. § 214.1(d). *Jie Fang*, 935 F.3d at 185 n.100. By regulation, termination may only occur by (1) the revocation of a waiver authorized on the non-citizen's behalf, (2) the introduction of a private bill to confer permanent resident status on the non-citizen, or

---

[1] Plaintiffs also assert a Fifth Amendment Due Process claim. The Court need only analyze one cause of action if Plaintiffs are likely to succeed on that claim.

(3) a notification in the Federal Register on the basis of national security, diplomatic, or public-safety reasons.  *See* 8 C.F.R. § 214.1(d).  Based on the record before the Court, Defendants do not appear to have pursued any of these courses of action.  Because an agency must generally follow its own regulations, Plaintiffs are likely to succeed on the merits.  *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *see also Webster v. Doe*, 486 U.S. 592, 602 n.7 (1988) (noting that "the Agency's failure to follow its *own regulations* can be challenged under the APA").

As to the fourth factor, the Court finds there is substantial public interest in a federal agency following its own regulations, in students feeling secure in the promises made to them by the federal government, and in Americans trusting their own government to follow the rule of law.

Therefore, the *Dataphase* factors strongly favor granting temporary relief to all Plaintiffs here.  The Court will therefore grant the requested TRO, waive the Rule 65(c) bond requirement, and find good cause to issue this order without notice given the apparent choice by Defendants to act without notifying Plaintiffs—leaving Plaintiffs at imminent risk of detention or deportation before they have the opportunity to serve Defendants.

Defendants' counsel is directed to reach out to the Court and Plaintiffs' counsel to set a briefing schedule for a possible conversion of this TRO into a preliminary injunction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Temporary Restraining Order [Docket No. 4] is **GRANTED** as follows:

   a. Defendants are **ORDERED** to temporarily set aside their determination to classify Plaintiffs' F-1 student status as terminated.

   b. Defendants are **ORDERED** to reinstate Plaintiffs' F-1 student status in the SEVIS system, retroactive to the date of each termination.

   c. Defendants are temporarily **ENJOINED** from taking any further action to terminate Plaintiffs' student status.

   d. Defendants are **ENJOINED** from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences as the result of the decision to terminate Plaintiffs' SEVIS records including revoking Plaintiffs' visas, detaining them, or deporting them.

2. Plaintiffs are **ORDERED** to serve Defendants with the summons, complaint, motion papers, and a copy of this order as soon as possible.

3. The Court exercises its discretion to waive the requirement in Federal Rule of Civil Procedure 65(c) for Plaintiffs to provide security.

4. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this Order takes effect immediately and shall continue until its expiration in fourteen days unless the Court extends it for good cause shown or Defendants consent to an extension.

DATED: April 22, 2025
at Minneapolis, Minnesota.

                                      JOHN R. TUNHEIM
                                   United States District Judge