**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SALMA RAMEEZ SHAIK; AKHIL POTHURAJU; NITHISH BABU CHALLA; SHYAM VARDHAN REDDY YARKAREDDY; and ALMAS ABDUL,

Plaintiffs,

v.

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID VENTURELLA, *Acting Director, Immigration and Customs Enforcement*; PETER BERG, *Director, Minneapolis-St. Paul Field Office, Immigration and Customs Enforcement*;

Defendants.[1]

Civ. No. 25-1584 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

---

Alison Zoschak and Kshithij Shrinath, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402; Evangeline S.E. Dhawan-Maloney, **SANTANA DHAWAN, PLLC**, 4600 West 77th Street, Suite 239, Minneapolis, MN 55403, for Plaintiffs.

Lucas B. Draisey, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Minneapolis, MN 55415, for Respondents.

---

[1] Under Federal Rule of Civil Procedure 25(d), Markwayne Mullin is substituted for Kristi Noem, and David Venturella is substituted for Todd Lyons.

This case began when the United States government abruptly terminated records verifying Plaintiffs' legal status as F-1 student visa holders. Plaintiffs brought this action, arguing that Defendants' actions violated the Due Process Clause of Fifth Amendment and the Administrative Procedure Act (APA). The Court first granted a temporary restraining order and then a preliminary injunction.

Defendants—who have since walked back the policy under which Plaintiffs' visa records were terminated—now move to dismiss, arguing that this case is moot. Because Defendants have failed to demonstrate that it is absolutely clear that their allegedly unlawful conduct cannot be reasonably expected to recur, the Court will deny the motion to dismiss.

## BACKGROUND

The facts of this case were set forth in the Court's prior orders granting Plaintiffs' motion for temporary restraining order and motion for preliminary injunction. *See Shaik v. Noem*, Civ. No. 25-1584, 2025 WL 1170447 (D. Minn. Apr. 22, 2025); *Shaik v. Noem*, 801 F. Supp. 3d 825 (D. Minn. 2025). The Court will briefly summarize the essential facts again here.

Plaintiffs are citizens of India who earned master's degrees from Concordia University in St. Paul, Minnesota. (Compl. ¶¶ 1, 10–14, Apr. 21, 2025, Docket No. 1.) In April 2025, Concordia informed all five Plaintiffs that Defendants at the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) had abruptly revoked their status as F-1 student visa holders. (*Id.* ¶ 2.) Defendants state that their F-1

status itself had not been revoked, but rather that the records of their status in DHS's Student and Exchange Visitor Information System ("SEVIS") were terminated. *See Shaik*, 801 F. Supp. 3d at 829 n.1.

Plaintiffs initiated this action, arguing that Defendants' policy leading to the termination of their SEVIS records violated the Fifth Amendment and the APA. (*See generally,* Compl.) Plaintiffs moved for a temporary restraining order and preliminary injunction that would order Defendants to set aside their termination decisions, reinstate Plaintiffs' status in SEVIS, and refrain from taking any further action to terminate Plaintiffs' status or otherwise impose any legal consequences from the termination of status. (Ex Parte Mot. for TRO, Apr. 21, 2025, Docket No. 3.) The Court granted the temporary restraining order, and ultimately granted the preliminary injunction. *See Shaik*, 801 F. Supp. 3d at 837–38.

When the Court granted Plaintiffs' motion for preliminary injunction, the Court found that Plaintiffs were still subject to irreparable harm, notwithstanding Defendants' decision to reinstate Plaintiffs' SEVIS records and their assurance that the records would not be terminated for the same reason again. The Court reasoned as follows:

> First, ICE has clearly left the door open for another round of SEVIS terminations. In an affidavit, ICE chose its words very carefully: "ICE has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the NCIC record that led to its initial termination." The gaping hole in that statement is obvious. *Doe v. Noem*, No. 2:25-633, 2025 WL 1397007, at *5 (W.D. Wash. May 14, 2025) (noting the wording of ICE's identical promise "is hardly ironclad"). Indeed, [ICE's newly promulgated] Policy explicitly asserts (with no citation to law) that ICE has the right to

> terminate a student's SEVIS record for, among other things, a failure to comply with nonimmigrant status or a visa revocation. The Policy also clarifies that DOS may revoke such visas "at any time, in its discretion." These statements do not instill confidence that ICE will abide by its word not to repeat this same charade under slightly different verbiage. *See also Prowse v. Payne*, 984 F.3d 700, 702 (8th Cir. 2021) ("[A] defendant cannot always moot a case simply by voluntarily ceasing its unlawful conduct after the plaintiff files suit.").
>
> Second, even accepting Defendants' distinction between SEVIS termination and termination of F-1 status, the SEVIS termination alone serves as irreparable harm. When ICE terminated their SEVIS records, Concordia immediately notified them of that termination, told them to cease working, and even suggested they consider immediately leaving the country. Those are harrowing life disruptions that would make it impossible for any student to focus on learning or working and contributing to life here in the United States. Those disruptions surely constitute irreparable harm.
>
> Third, DOS instructed ICE to immediately initiate removal proceedings upon visa revocation. (*See* Policy (noting that when a visa revocation happens, "ICE should take steps to initiate removal proceedings").) Accordingly, the Plaintiffs face the potential of immediate immigration consequences if their SEVIS records are terminated again.

*Shaik*, 801 F. Supp. 3d at 835–36 (footnote omitted).

Defendants now move to dismiss the Complaint for lack of subject matter jurisdiction. (Mot. Dismiss, Feb. 25, 2026, Docket No. 60.) Defendants contend that this case is moot because "Plaintiffs have received complete relief—reactivation of their once-terminated SEVIS records and assurances against re-termination—leaving no concrete, particularized injury to be redressed." (Defs.' Mem. at 1, Feb. 25, 2026, Docket No. 61.) Defendants argue that this Court therefore lacks jurisdiction. Plaintiffs oppose the

motion, arguing that Defendants' unilateral decision to reinstate their SEVIS records is insufficient to moot this case.

**DISCUSSION**

**I. STANDARD OF REVIEW**

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). In deciding a motion under Rule 12(b)(1), the Court must first distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914–15 (8th Cir. 2015) (quoting *Osborn v. United States*, 918 F.2d 724, 731 n.6 (8th Cir. 1990)). In a facial attack, the court reviews only the face of the pleadings, and the nonmoving party receives the same protections as it would defending against a Rule 12(b)(6) motion. *Id.* at 914. By contrast, in a factual attack, the court may consider matters outside the pleadings, and the nonmoving party does not "enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.* at 915. This case presents a factual attack.

**II. ANALYSIS**

The sole question the Court must resolve is whether this case is moot. It is not.

Federal courts possess jurisdiction only over actual cases and controversies. U.S. Const. art. III, § 2. "A court with jurisdiction has a 'virtually unflagging obligation' to hear and resolve questions properly before it." *Fed. Bureau of Investigation v. Fikre*, 601 U.S.

234, 240 (2024) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). When a party no longer has "a personal stake in the outcome of the controversy," a live controversy no longer exists, and a federal court lacks jurisdiction. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 338, 397 (1980). In such circumstances, the case is said to be moot.

However, "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). When a party asserts that a case is moot based on that party's own actions, such party bears the "heavy burden" of showing that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). This is because "a federal court's constitutional authority cannot be so readily manipulated" as to allow a party to "suspend its challenged conduct after being sued . . . and later pick up where it left off . . . ." *Firke*, 601 U.S. at 241. A defendant must prove that "no reasonable expectation remains that it will return to its old ways" to obtain dismissal based on its own conduct mooting the case. *Id.* (citation modified). This expectation "holds for governmental defendants no less than for private ones." *Id.*

In arguing that the case is moot, Defendants have provided a declaration of Akil Baldwin, who is the Acting Assistant Director for the National Security Division of Homeland Security Investigations. Baldwin attests that:

> Consistent with its new SEVIS policy, ICE will not re-terminate SEVIS records based solely on the NCIC record that led to the initial termination or solely on any related visa revocation that is effective upon departure. However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity.

(Defs.' Ex. A ("Baldwin Decl.") ¶ 11, Feb. 25, 2026, Docket No. 62-1.) Defendants also point out that in some similar cases, the parties have stipulated to dismissal based on Defendants' assurances that the policy will not be reinstated and that the plaintiffs will not have their status revoked again for the same reasons. *See, e.g.*, *Ratsantiboon v. Noem*, Civ. No. 25-1315 (Stip. of Dismissal, Docket No. 37; Order Dismissing Case, Docket No. 38).

Defendants have not met their burden of demonstrating that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189. In other words, ICE still has not "instill[ed] confidence that [it] will abide by its word not to repeat the same charade under slightly different verbiage." *Shaik*, 801 F. Supp. 3d at 835.

The U.S. Supreme Court's recent decision in *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234 (2024) is instructive here. In that case, Fikre challenged his placement on the No-Fly List; after he commenced the case, the FBI removed him from the list, and

Fikre was informed that he "will not be placed on the No-Fly List in the future based on the currently available information." *Fikre*, 601 U.S. at 241. The district court found this assurance to be sufficient to moot the case; the Ninth Circuit reversed, and the Supreme Court affirmed. *Id.* at 242. The Supreme Court held that "the government's sparse declaration falls short of demonstrating that it cannot be reasonably expected to do again in the future what it is alleged to have done in the past." *Id.*

In this case, the Baldwin declaration does not specifically identify the Plaintiffs in this case and relies on the same policy that the Court previously concluded was insufficient to establish that Plaintiffs were no longer subject to the threat of irreparable harm. *Shaik*, 801 F. Supp. 3d at 835–36. Defendants carry a "formidable burden," to prove that their allegedly unlawful actions will not recur, and the Baldwin declaration is insufficient to carry that burden. *Fikre,* 601 U.S. at 241. Cases similar to this one were brought by plaintiffs around the country in the aftermath of DHS's termination of thousands of F-1 visa recipients' SEVIS records, and the Court is not aware of any other federal court which has dismissed a case on mootness grounds where the plaintiffs have not stipulated to such dismissal. The Court joins the reasoning of other federal courts in similar cases and concludes that Defendants' voluntary cessation of the challenged policy is insufficient to render this case moot. *See, e.g.*, *Bushireddy v. Lyons*, Civ. No. 25-1102, 2026 WL 759480, at *6–7 (D.D.C. Mar. 18, 2026); *Mashatti v. Lyons*, Civ. No. 25-1100, 2026 WL 1983715, at *3–4 (D.D.C. July 9, 2026).

## CONCLUSION

The Court concludes that this case is not moot because Defendants have not carried their burden of demonstrating that their allegedly unlawful actions will not recur. The Court will deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. [60]) is **DENIED**.

DATED: August 18, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge